Argued April 21, affirmed May 12, reconsideration denied
June 18, petition for review denied July 15, 1975

CAMPBELL, *Petitioner, v.* BOARD OF
MEDICAL EXAMINERS, *Respondent.*

535 P2d 96

*Alan K. Brickley,* Portland, argued the cause for petitioner. With him on the brief were Peterson, Susak & Peterson, P.C., Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Petitioner seeks judicial review of a final order of the Board of Medical Examiners refusing to grant petitioner's application for reinstatement as an active licensed medical doctor. Petitioner was formerly a duly licensed practicing medical doctor in this state. His registration was changed to inactive when he moved to Oklahoma to accept a position with a federal agency.

This court reversed and remanded the Board's prior decision in this case, *Campbell v. Bd. of Medical Exam.,* 16 Or App 381, 518 P2d 1042, Sup Ct *review denied* (1974), on the ground that the signing of the order by Dr. Kostol, chairman of the Board, who had previously disqualified himself from participating in the proceeding, required reversal.

Following our decision the Board met on June 14, 1974, reconsidered the matter without a further notice and hearing, and entered a new order dated June 18, 1974, signed by its present chairman, Dr. Reichle, refusing to grant petitioner's application for reinstatement.

Thereafter, petitioner on August 19, 1974, filed

what he termed a "Petition for Reconsideration" in which he put forward substantially the same contentions made in this court on this appeal, and which are summarized below.

The Board's response to the "Petition for Reconsideration" appears in the following Order:

"This matter having been presented to the Board of Medical Examiners on Petition for Reconsideration, briefs and arguments having been presented to the Board by Mr. Nels Peterson, Attorney for DONALD FLETCHER CAMPBELL, M. D., and DR. CAMPBELL being present in person, and the Board having fully considered the Petition, the briefs and the arguments of counsel, the Board has hereby made the following ORDER:

"That the Petition for Reconsideration by DONALD FLETCHER CAMPBELL, M. D., is hereby denied."

Petitioner contends that the Board erred in that it (1) failed to give petitioner a new hearing, (2) failed to prepare, file and serve a new verified complaint, and (3) failed to allow petitioner and his attorney to be present when the transcript was considered by the Board. Petitioner concedes that he was given the opportunity to be present and be heard on his "Petition for Reconsideration." He does not contend that the proceedings recited in the Board's order set out above took place otherwise than as stated in that order.

The Board argues that because this court's order reversing and remanding the matter did not require a new hearing the Board did not err in reviewing the record previously developed and making new findings, conclusions and order. Further, the Board asserts that it was not required to notify petitioner and his attorney that both could be present at the meeting at which the transcript was reviewed by the Board.

An examination of the record in the instant

case reveals that the Board's final action in 1972 in which the Board refused to grant petitioner's application for reinstatement had been preceded as provided by statute by a full-scale evidentiary hearing before a hearing officer appointed by the chairman of the Board. The record further shows that petitioner was present, was represented by counsel and offered evidence at that hearing, and that a complete transcript of the testimony given at that hearing was then submitted to the Board for its consideration and decision.

■ We hold that under the facts presented here the Board was not required to start from the beginning, i.e., file a new complaint, issue and serve a new notice, and conduct a second de novo hearing. *Labor Board v. Donnelly Co.*, 330 US 219, 67 S Ct 756, 91 L Ed 854 (1947); *Bekins Moving & Storage v. P.U.C.*, 19 Or App 762, 769, 529 P2d 413 (1974). The record shows that Dr. Kostol was not a member of the Board that reconsidered the transcript following our previous decision in this case. A reexamination and reconsideration of the transcript by the Board of which Dr. Kostol was not a member would obviate the objection which required us to set aside the Board's previous decision.

■■ Petitioner vigorously contends that by virtue of the requirement of ORS 677.200(3),① he was entitled

---

① ORS 677.200(3) provides:

"Except as provided in paragraph (a) of subsection (1) of ORS 677.205 and ORS 677.202, any proceeding for suspension or revocation of a license to practice medicine in this state shall be substantially in accord with the following procedure:

"* * * * *

"(3) The hearing may be before the board or may be before three or more members or a qualified hearing officer designated by the chairman of the board to take testimony and conduct the hearing. If the hearing is before one or

to notice of that meeting and an opportunity to be present in person or by counsel and to argue and sum up petitioner's contentions prior to the Board's decision. The short answer to this is that ORS 677.200 by its terms applies only to "suspension or revocation" of a license to practice medicine in this state, and that the instant proceeding is not one for "suspension or revocation." But even assuming without deciding that petitioner was entitled to the benefits afforded by ORS 677.200(3) in this proceeding by reason of the language of ORS 677.202(1),[2] it is our conclusion that petitioner's contention must fail for this reason: After petitioner had remonstrated by filing a "Petition for Reconsideration," petitioner and his counsel were ultimately afforded the opportunity to be heard, and petitioner's arguments and contentions were duly considered by the Board. Moreover, even if this were to be considered an irregularity in procedure, it is not of sufficient magnitude to require that the entire proceedings be vacated. *West v. City of Astoria,* 18 Or App 212, 219, 524 P2d 1216 (1974); *Campbell v. Bd. of Medical Exam.,* supra, 16 Or App at 386-87; *The Grog House v. OLCC,* 12 Or App 426, 507 P2d 419 (1973). *See also, Docherty, Appellant v. Philadelphia,* 369 Pa 118, 85 A2d 143 (1952).

Affirmed.

more members of the board or a hearing officer designated by the chairman, a transcript of the testimony taken, together with any exhibits produced, shall be furnished to the board. The accused and his attorney may be present at the meeting at which the transcript is considered by the board and may be given an opportunity to argue and sum up the accused's position before the board."

[2] ORS 677.202(1) provides:

"Subsections (1) and (2) of ORS 677.200 do not apply in cases wherein:

"(1) The board has refused to accept an application for licensing or has denied licensing to a person applying for a license to practice medicine in this state."