Argued June 21, affirmed in part; reversed and remanded in part
August 23, reconsideration denied September 29, petition for review
denied November 16, 1976

STACEY, *Petitioner,*
*v.*
BOARD OF ACCOUNTANCY, *Respondent.*
(CA 5697)
553 P2d 1074

*Robert C. Robertson,* Medford, argued the cause for petitioner. With him on the brief were Robertson & Hilts, Medford.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

Petitioner appeals from an order of the State Board of Accountancy which removed his name from the roster of municipal auditors, ORS 297.710(1), and revoked his license as a certified public accountant, ORS 673.180(2). The order provided that one year after the revocation petitioner could be readmitted to practice after passing an accounting examination and demonstrating his competence at a personal interview with the board. The issue on appeal is whether there is substantial evidence to support the board's findings that petitioner displayed gross negligence and dishonesty in the practice of accounting under ORS 673.180.

For a number of years petitioner had contracted to perform the municipal audit for Jackson County. After many years of filing such audits as required by law (ORS 297.420) without adverse comment from the Secretary of State, the Division of Audits, Office of the Secretary of State, notified[1] him that his audits for the fiscal years ending June 30, 1972, and June 30, 1973, did not comply with that office's Minimum Standards of Audit Reports, Certificates and Procedures for Municipal Corporations. Oregon Administrative Rules, ch 165. The letters pointed out specific deficiencies and asked that petitioner amend the audit reports. Petitioner failed to amend the reports and complained that the Division was harassing him.

When petitioner had neither amended the reports nor made an effort to show that he was in compliance with the minimum standards by May 1, 1974, the date set by the Audit Division, it reported him to the State Board of Accountancy as required by ORS 297.630.[2]

---

[1] The Division of Audits according to the record conducted its audits only on a random sampling basis during this period.

[2] ORS 297.630:

"The Secretary of State, in cooperation with the State Board of Accountancy, shall prescribe the minimum standards of audit reports, certificates and audit procedures. The audit reports and certificates shall be signed in each case by the accountant signing the contract, who

[ 543 ]

After a hearing the board removed him from the list of municipal auditors and revoked his license as a certified public accountant and as a municipal auditor.

ORS 673.170 provides that the State Board of Accountancy may revoke or suspend a certificate of a public accountant for

"* * * any one or any combination of the following causes:

"* * * * *

"(2) Dishonesty, fraud or gross negligence in the practice of public accounting.

"* * * * *."

The board's order emphasized gross negligence, although there was a finding of dishonesty as well.

Members of the State Board of Accountancy must be practicing certified public accountants with five years' experience. ORS 673.410. We give weight to their expertise in evaluating the quality of a certified public accountant's work. *Rogers Const. Co. v. Hill,* 235 Or 352, 356-57, 384 P2d 219 (1963).

There was substantial evidence to support the board's detailed findings that petitioner did not follow the minimum standards and that petitioner violated generally accepted professional auditing standards through lack of proper planning, lack of examination of

shall personally conduct the audit to an extent satisfactory to the Secretary of State. The accountant shall render to the municipal corporation a signed and written audit report in quadruplicate in the form prescribed by the Secretary of State. The accountant shall render the report to the municipal corporation within six months after the close of the calendar or fiscal year under audit, except that the Secretary of State, for good cause shown, may grant to the accountant a reasonable extension of time. One copy of all such audits shall be filed with and reviewed by the Secretary of State, who also may require submission of the working papers and audit program of the auditor or accountant. If an audit, audit report or certificate is found by the Secretary of State not to be in accordance with the prescribed standards, he shall demand compliance therewith; and if the auditor fails to make such compliance, the Secretary of State shall so report to the board, which thereupon may remove or suspend the name of the auditor or accountant from the roster required by ORS 297.670."

internal controls, failure to obtain sufficient audit evidence, and other particulars. There was also substantial evidence showing that petitioner failed and refused to amend the reports.

The board determined that the failure to meet professional standards and to amend the reports was

"* * * [n]ot mere inadvertence or error of judgment, but is a conscientious and wilful indifference to the minimum rules for audit reports and the profession's standards of care of such a magnitude to constitute gross negligence."

In *Gantenbein v. Huckleberry,* 211 Or 605, 315 P2d 792 (1957), the court defined "gross negligence" as

"* * * conduct which indicates indifference to legal duties, to the probable consequences of the act, and the rights of others * * *." 211 Or at 612-13.

We hold that the board correctly applied this standard to the facts in this case.

■ We now turn to the second aspect of the board's holding—that of dishonesty by Mr. Stacey. We note initially that the Notice of Proposed Revocation or Suspension, analogous to a complaint, nowhere mentions that petitioner is charged with dishonesty and affirmatively states:

"* * * The conduct and activities giving rise to this proposed action are set forth in Exhibit 'A', attached to this Notice. This proceeding arises under: negligence in the practice of public accounting * * *."

The whole of Exhibit A is couched only in the language of negligence.

At the conclusion of the hearing the board's own attorney in final argument stated:

"* * * There were two charges. One, that the audit Mr. Stacey had performed—certain conduct which constituted gross negligence, and the second was he failed to comply with minimum standards. Whether or not Mr. Stacey has committed gross negligence is a decision of the Board. We presented our case and it's upon you to decide whether or not he has violated the Minimum Standards and whether or not he has violated the Oregon Minimum Standards. * * *"

[ 545 ]

It is abundantly clear from the entire record that the "minimum standards" referred to are the Minimum Standards of Audit Reports, Certificates, and Procedures for Oregon Municipal Corporations compiled, promulgated and published by the Secretary of State in his capacity of Director of State Audits. Oregon Administrative Rules, ch 165.

Here the board made extensive Findings and Conclusions totaling 19 pages in length. Only one of its Findings of Fact and none of its Conclusions of Law related to dishonesty. Its Findings of Fact (Municipal Audit) #5 stated:

> "If licensee did not intend to conduct a municipal audit for Jackson County, such intention should have been clearly expressed in the agreement and the county be notified and further, each page of the audit report should have contained disclosures that the report was not a municipal audit conducted in accordance with the Secretary of State, and not conducted in accordance with the profession's generally accepted auditing standards. The failure to do so make the foregoing disclosures constitutes a form of dishonesty in the practice of public accounting. (ORS 673.160(2))."

The board made no conclusion of law that petitioner was guilty of dishonesty, although it made many relating to his negligence and gross negligence.

ORS 673.185(1) provides that when the board proposes to suspend or revoke the license of an accountant, "opportunity for hearing shall be accorded as provided in ORS ch 183." ORS 183.415 states in part:

> "(1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail.
>
> "(2) The notice shall include:
>
> "(a) A statement of the party's right to hearing, or a statement of the time and place of the hearing;
>
> "(b) A statement of the authority and jurisdiction under which the hearing is to be held;
>
> "(c) A reference to the particular sections of the statutes and rules involved; and

"(d) A short and plain statement of the matters asserted or charged.

"* * * * *."

We think that under the statute petitioner was entitled to notice in advance of the hearing that he was charged with dishonesty as well as with gross negligence.

Portions of both briefs are devoted to arguments concerning what constitutes dishonesty under ORS 673.180(2). We do not find it necessary to consider this matter since we conclude that the notice did not charge dishonesty and thus it was error for the board to consider it, if in fact it did so.

We cannot tell whether the orders of suspension and revocation were imposed by the board solely because of petitioner's gross negligence or whether the order also reflected its finding that petitioner was guilty of dishonesty. We therefore vacate its order and remand this matter to the board for it to determine, based only on gross negligence, what penalty it deems appropriate.

In *Palen v. State Bd. Higher Education,* 18 Or App 442, 525 P2d 1047, Sup Ct *review denied* (1974), we said:

"The Board concluded that all four charges against petitioner amounted to cause for dismissal. In analogous license-revocation cases, when we affirm some charges and reverse other charges, we then remand to the agency to reconsider its action in light of our decision. For example, *LaMar's Enterprises, Inc. v. OLCC,* 18 Or App 77, 524 P2d 336 (1974); *Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 514 P2d 888 (1973), Sup Ct *review denied* (1974). We adopt that disposition here.

"As noted above, on remand the Board is entitled, but not required, to conclude that the two charges against petitioner we affirm constitute cause for dismissal within the meaning of OAR 41.330(3). That is a question for the Board." 18 Or App at 463.

We apply that rule here.

The remaining assignments of error do not warrant discussion.

Affirmed in part; reversed and remanded in part.