Argued June 28, remanded with directions September 6, reconsideration
denied October 14, 1977, petition for review pending

VOELZ, *Petitioner,*
*v.*
BOARD OF ENGINEERING EXAMINERS,
*Respondent.*
(CA 8140)
568 P2d 700

David C. Silven, Baker, argued the cause for petitioner. With him on the brief was Banta, Silven & Young, Baker.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, Thornton, Judge, and Fort, Senior Judge.

FORT, S. J.

**FORT, S. J.**

Petitioner Voelz seeks review of an order of respondent Board of Engineering Examiners suspending his license as a registered land surveyor for a period of two years.

The charges, some 24 in number, were alleged to arise under ORS 672.200(2), which authorizes the Board of Engineering Examiners to "suspend or revoke" a registration to practice engineering or land surveying based upon "gross negligence or incompetence in the practice of engineering or land surveying."

Following the filing and serving of notice of charges upon petitioner, who chose to represent himself, a hearing was held before a hearing officer who made exhaustive findings based on extensive evidence and in her report to the Board recommended a 60-day suspension. The Board adopted her findings and conclusions in their entirety, but rejected the recommended penalty and itself imposed a two-year suspension, subject to a right to take the eight-hour Professional Land Surveying Examination and, if passed successfully, restoration of the license to be permitted after six months from the suspension date. Petitioner appeals to this court pursuant to ORS 672.215(1). That statute provides such appeals are to be reviewed "in accordance with the procedure for contested cases provided by ORS 183.310 to 183.500," commonly known as the Administrative Procedures Act.

■ Petitioner challenges the sufficiency of the allegations of several of the charges. Each charge is separately set forth and each is identified with sufficient clarity, including date of work, name of person for whom the work was done, description of alleged errors or omissions, location of work involved, and, where appropriate, statutory or Bureau of Land Management regulations claimed to have been violated. *See* ORS

[ 891 ]

209.070(6) and (7),[1] ORS 209.120 and ORS 209.130. The allegations were most adequate to advise petitioner concerning the nature and grounds of each of the 24 charges. *Stacey v. Board of Accountancy,* 26 Or App 541, 553 P2d 1074, Sup Ct *review denied* (1976); *Campbell v. Bd. of Medical Exam.,* 16 Or App 381, 387, 518 P2d 1042, Sup Ct *review denied* (1974). This assignment is without merit.

■ Petitioner next challenges the sufficiency of the findings, ultimate findings and conclusions. We have examined the 36-page opinion of the hearing officer and note therein that each of the charges is discussed, findings and ultimate findings made as to each, and that the order sufficiently describes the criteria applied whether statutory, regulatory or established practice to indicate the basis of each conclusion. Eleven of the charges were dismissed by the hearing officer as not established by the evidence, and of those which were found established, adequate rationales are set forth to support the respective findings of ultimate fact.

Petitioner admitted with respect to certain of the charges that errors or omissions were in fact made by him, including in six instances a failure to apply his official seal to a survey as required by ORS 672.025(2) and (3), and also his failure to sign a survey as required therein. Additionally, for example, in Charge 1 he admitted his map failed to show the basis for accepting a fence line as the official line. In Charge 19 he was charged with furnishing insufficient detail on the drawing to retrace the work done, and admits in his brief that the charge was correct. Concerning Charge 18, petitioner concedes in his brief that insufficient information appeared on his survey and that he should have shown a fence line on the map. As such, it is clear that the foregoing each constitutes substantial

---

[1] At all times here involved petitioner was the County Surveyor of Union County and as such subject to ORS ch 209 in connection with work performed in that capacity.

evidence of the respective charges mentioned within the meaning of ORS 183.482(8)(d). *See Bernard v. Bd. of Dental Examiners,* 2 Or App 22, 36, 465 P2d 917 (1970). We think it unnecessary to discuss in detail those of the remaining charges found to be established by the Board other than to say that there was likewise substantial evidence offered to support the findings.

■ As pointed out above, ORS 672.200(2) authorizes suspension or revocation of a license for either incompetence or gross negligence. In *Stacey* at 544-45, we discussed the meaning of "gross negligence" in connection with the practice of public accounting. The rule announced there applies here. Under the public accounting statute, ORS 673.170(2), incompetence was not a ground for suspension or revocation, as it is in the present case. Here petitioner was expressly charged with both incompetence and gross negligence. Establishment of either by substantial evidence is sufficient to warrant suspension. *Stacey* at 544.

It is true that none of the hearing officer's findings of facts nor the conclusions in their entirety set forth any express finding or conclusion that the proven conduct of the petitioner constituted gross negligence or incompetence.

The hearing officer, at the end of her lengthy findings of fact, stated only:

*"IN CONCLUSION*

"Mr. Voelz is a good citizen of his home town who appeared without a lawyer. I have attempted to view the evidence most favorably to Mr. Voelz in reaching my findings.

"Throughout the hearing Mr. Voelz demonstrated an attitude that the requirements of the law, which include a reference to the BLM Manual as a standard, were superseded by other authorities, such as cases and books on surveying. He clung to his concepts with real dedication.

"Those concepts do not excuse his various omissions, because the ORS [Oregon Revised Statutes] supersedes all cases and all authorities which predated it.

[ 893 ]

"The only cases which would justify not following the ORS would be recent cases from this jurisdiction which would say that the ORS need not be followed or the BLM Manual need not be followed. There are no such cases.

"The cases and authorities on which Mr. Voelz relies *do not justify* the position he has taken.

"The ORS raised the standard in the field from what it was when Mr. Voelz began the practice of surveying. Older practitioners, such as Mr. Voelz and myself, must constantly pay a great deal of attention to keeping up with the changes in our profession.

"I do not think Mr. Voelz has really accepted this fact up to this point. He must accept it or he will not be allowed to practice in his profession. It is no excuse to say that there is a local feud between surveyors and political considerations enter into the bringing of these charges two successive times, which coincide with his running for County Surveyor.

"Assuming this to be true, the Board of Engineering Examiners has no bias against Mr. Voelz. He must comply with the requirements of the law and if he does he will have no trouble in the future.

"I recommend that Mr. Voelz be suspended from the practice of surveying for no more than sixty (60) days during which time he be required to review the ORS sections and the BLM Manual. I also recommend that if he reviews this material, and agrees to be bound by the present requirements of the law, that he once again be reinstated to practice surveying."

We conclude from the foregoing we cannot tell whether Mr. Voelz's conduct was found to constitute both gross negligence and incompetence within ORS 672.200(2), or, if not, which of them. In *Stacey v. Board of Accountancy, supra,* 26 Or App at 545, we stated:

"The board determined that the failure to meet professional standards and to amend the reports was

" ' * * * [n]ot mere inadvertence or error of judgment, but is a conscientious and wilful indifference to the minimum rules for audit reports and the profession's standards of care of such a magnitude to constitute gross negligence.'

In *Gantenbein v. Huckleberry,* 211 Or 605, 315 P2d 792 (1957), the court defined 'gross negligence' as

" ' * * * conduct which indicates indifference to legal duties, to the probable consequences of the act, and the rights of others * * *.' 211 Or at 612-13.

We hold that the board correctly applied this standard to the facts in this case."

Here the Board simply said in its Order:

"IT IS HEREBY ORDERED THAT:

"1. The Findings of Fact and Conclusions of hearings officer, Carlotta H. Sorenson, attached hereto be and hereby are adopted as those of the Board of Engineering Examiners;

"2. The Recommendation of the hearings officer relating to the period of suspension be and is hereby rejected;

"3. The certificate of registration of James G. Voelz be and hereby is suspended two (2) years commencing February 1, 1977.

"4. The certificate of registration of James G. Voelz shall be restored upon successfully passing the eight (8) hour Professional Land Surveying examination relating to the 'Principles and Practice of Land Surveying', including the Manual of Instructions for the Survey of Public Lands, statutory law and common law in boundaries, but such restoration shall not be prior to August 1, 1977."

■ Petitioner is entitled to know of what statutory violation charged—incompetence, gross negligence or both—he has been found guilty. The order does not say. In *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975), we said at 190:

"If there is to be any meaningful judicial scrutiny of the activities of an administrative agency—not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis—we must require that its order clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes. Brevity is not always a virtue. The less circumscribed an

agency is by the legislative grant of power to it and by its own regulations augmenting that grant, the more detailed and precise its explanation of its actions exercising the powers granted to it must be. Few, if any, Oregon agencies operate under statutes or regulations that are less specific than those governing the Oregon Liquor Control Commission."

The same may be said of the Board of Engineering Examiners.

For a general discussion of cases dealing with Revocation or Suspension of License of Professional Engineer, and particularly of standards deemed appropriate in other jurisdictions concerning the statutory meaning of "incompetence" and "gross negligence" with respect thereto, *see* Annotation, 64 ALR3d 509 (1975); 58 Am Jur2d Occupations, § 22 (1971).

Obviously, in preparing petitioner's argument to the Board concerning the penalty to be imposed, knowledge of the Board's conclusion on those matters is relevant. And in preparing argument on appeal concerning whether the facts found support as a matter of law a conclusion of incompetence, gross negligence or both, such knowledge is essential, both for the litigants and for this court.

It follows then that the order of the Board must be vacated and the matter remanded to it for further proceedings in conformity with this opinion.

Remanded with directions.