Submitted on record and briefs September 25, affirmed November 14,
reconsideration denied December 19, 1978, petition for review denied
March 13, 1979, 285 Or 479

VOELZ, *Petitioner,*
*v.*
# BOARD OF ENGINEERING EXAMINERS,
*Respondent.*
(CA 10664)
586 P2d 807

David C. Silven and Banta, Silven & Young, Baker, filed the brief for petitioner.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and W. Benny Won, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer[*] and Buttler, Judges.

THORNTON, J.

---

[*]Tanzer, J., did not participate in this decision.

## THORNTON, J.

Petitioner Voelz appeals a determination by the Board of Engineering Examiners (Board) that certain practices evidenced by his surveys constitute "gross negligence" within the meaning of ORS 672.200(2).[1] In a previous opinion on this matter we noted that the Board had preferred charges "alleged to arise under ORS 672.200(2) which authorizes the Board of Engineering Examiners to 'suspend or revoke' a registration to practice engineering or land surveying based upon 'gross negligence or incompetence in the practice of engineering or land surveying'." *Voelz v. Bd. of Engineering Examiners,* 30 Or App 889, 891, 568 P2d 700, *rev den* (1977). We held that although several of the charges were factually supported by substantial evidence, there was no indication whether the Board had found petitioner incompetent, grossly negligent, or both. Such a finding and a clear explication of the relevant considerations leading the Board to its conclusion was necessary, we held, in order that petitioner might properly argue mitigating circumstances in penalty assessments before the Board, and in order to allow argument. before this court "whether the facts found support as a matter of law a conclusion of incompetence, gross negligence or both." *Voelz v. Bd. of Engineering Examiners, supra* at 896.

Subsequent to the remand in this proceeding the Board issued its revised conclusions, determining that petitioner's practices constituted gross negligence. The Board reinstated its previous penalty of suspension for a period of two years.

---

[1] ORS 672.200(2) provides:

"The board may refuse to issue or renew, or may suspend or revoke a certificate or permit, or reprimand any person holding a certificate or permit:

"* * * * *

"(2) For gross negligence or incompetence in the practice of engineering or land surveying * * *."

[ 115 ]

Petitioner first assigns as error the Board's conclusion of gross negligence based upon his survey practices. We find the Board's rationale to be adequate for the conclusion. *McCann v. OLCC,* 27 Or App 487, 493-95, 556 P2d 973 (1976), *rev den* (1977). An example follows:

> "Procedures for the resurvey of Government-Surveyed Lands must follow the Bureau of Land Management Manual of Surveying Instructions according to the Oregon Statutes, (ORS 209.070(6)). All resurveys of lands surveyed under the original government surveys are governed by the same methods of retracement, and only by all surveyors using the same methods and procedures can corner monuments be placed in the same locations by all surveyors and thus eliminate conflicts between contiguous owners. Any resurvey of this parcel of land using proper procedures would place the lines and corners in different locations from those shown on Mr. Voelz's drawings.

> "This complete disregard for Oregon Revised Statutes and the BLM Manual of Surveying Instructions and the property rights of other individuals constitutes gross negligence."

Petitioner contends that the charge of gross negligence is so nebulous as to require specific rules regulating conduct, or, at least, expert testimony, relying upon *Corcoran v. Bd. of Examiners,* 25 Or App 749, 550 P2d 1391, *rev den* (1976). While we agree that it is difficult to draw clear lines between ordinary negligence and gross negligence, *Turner, Adm'r, v. McCready et al.,* 190 Or 28, 46, 222 P2d 1010 (1950), we do not believe that either standard is impermissibly vague. We held in *Stacey v. Board of Accountancy,* 26 Or App 541, 544, 553 P2d 1074, *rev den* (1976), that we give weight to the expertise of the Board in evaluating the quality of its licensees. We believe that opinion applicable in the instant circumstance. In the face of the reasoned opinion of the Board, we cannot say as a matter of law that the practices of petitioner do not amount to gross negligence.

■ Petitioner's second assignment is addressed to the severity of the penalty imposed by the Board. Petitioner recognizes that this court has previously held

> "* * * If it is found that there is no prejudicial procedural defect in the proceedings, that the order and the rules of the commission are within its statutory authority and constitutional, and that the order is supported by substantial evidence, there is nothing more for this court to review. The choice by the commission whether to revoke, suspend, warn or to do nothing is neither a finding of fact nor a conclusion of law required by ORS 183.470. If a licensee violates either the statute or the agency rules, then by statute the choice of regulatory remedies is a matter for agency discretion and is not subject to judicial review absent possible constitutional questions. [Citing cases.] [footnote omitted]" *Mary's Fine Food, Inc. v. OLCC,* 30 Or App 435, 440, 567 P2d 146, *rev den* (1977).

Petitioner requests, however, that we change that rule in this case. We decline to do so.

Petitioner's final assignment of error contends that the Board violated his constitutional rights, first by singling him out for disciplinary action, and second by allowing one of its members to act in a prosecutorial capacity.

■ Petitioner argues that many of the practices relied upon by the Board as demonstrating gross negligence are common practice in the field.

Although petitioner has presented surveys by other surveyors which appear to have omissions similar to his own, it is not at all clear that the frequency of the omissions is similar to his own. The Board in several instances noted that a single omission would not constitute gross negligence, but the number found in petitioner's work impelled them to the conclusion of gross negligence:

> "These charges are similar in nature—failure to list the minimum information required on each map or plat filed with the county surveyor. This information is necessary for another surveyor to follow the first surveyor and

evaluate the evidence found and used. When a survey is based upon another document not readily accessible to the public, this information must be placed upon the drawing in written form.

"The Board realizes that failure to set forth the required information on one particular survey, under ordinary circumstance, would not constitute gross negligence. However, the failure to supply the required information on a number of surveys by the same surveyor, constitutes gross negligence.

"The Board finds that the failure of Mr. Voelz to properly set forth the required information in Charges Nos. 2, 7, 9, 13-B, 13-C, 14-B and 18 is gross negligence."

■ As to the Board's involvement in formulating, prosecuting and adjudicating the charges, we perceive no constitutional violation.[2] We have previously held that due to the nature of the administrative bodies, they are *required* to perform the various functions to which petitioner objects. *Fritz v. OSP,* 30 Or App 1117, 1121, 569 P2d 654 (1977); *cf., Van Gordon v. Oregon State Bd of Dental Exam.,* 34 Or App 607, 610-13, 579 P2d 306 (1978).

The Board, having properly explained its rationale, having meted out a penalty within its statutory powers, and having violated no rights of petitioner in the particulars assigned as error, must be affirmed.

Affirmed.

---

[2] Only one member of the Board participated to any degree in the prosecutorial stage of the proceedings, and that member did not participate in the final vote on suspension.