Argued October 25, reversed and remanded December 26, 1978

STALDER, *Petitioner,*

*v.*

BOARD OF MEDICAL EXAMINERS, *Respondent.*

(CA 10860)

588 P2d 659

Todd A. Bradley, Portland, argued the cause and filed the brief for petitioner.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Petitioner appeals an order of the Board of Medical Examiners (Board) which terminated a previously imposed probation and revoked his license to practice medicine.

Petitioner was first licensed to practice medicine in 1952 and has practiced continuously since that time, with the exception of an eight-month period in 1971 when his license was suspended. On October 28, 1971, the Board reinstated petitioner's license, subject to a 10-year probation period with several conditions, among which were:

"3. Licentiate shall not knowingly associate with, neither in the line of duty nor in his professional capacity as a physician and surgeon, any homosexual or person with homosexual proclivities, nor shall licentiate knowingly frequent any place resorted to by homosexuals or persons of homosexual proclivities;

"4. Licentiate shall not indulge in any act which may be deemed to be an act of sexual deviation;"

On January 23, 1978, the Board issued an order to petitioner "to show cause why probation should not be terminated and license revoked." The order stated in material part:

"There have been numerous prior disciplinary actions against you by the Board, of which you are aware, based on evidence in the Board's possession that you have frequently violated the conditions of your probation during the period from October, 1963 until the present time by periodic homosexual advances toward patients and by issuing prescriptions for scheduled drugs to persons known to you to be homosexual. In addition, the Board has received a complaint from the husband of one of your patients that you made homosexual advances toward him in your office on or about the 4th day of November 1977.

"Such conduct would authorize the Board to suspend or revoke your license to practice medicine in this State.

"You are advised that a hearing to Show Cause why your Probation should not be Terminated and your

license Revoked has been scheduled * * *. The hearing will be held pursuant to the authority of ORS 677.200."[1]

The only evidence presented against petitioner at the hearing concerned the alleged homosexual advance toward the patient's husband. The husband testified that he went to petitioner's office to see if petitioner knew where his wife was. He arrived at lunchtime, and he and petitioner were alone. Petitioner invited him into his office, and they talked about his wife's condition. Earlier that day petitioner had sent her to have X-rays taken. He made a phone call and found that she had gone home. According to the husband, petitioner then walked with him into the reception area, put his arm around him, kissed him on one cheek and tried to kiss him on the other cheek and on the mouth. As the husband turned to leave, petitioner "slapped" him on the buttocks. When asked by counsel for the Board, "Did he slap you on the buttocks or was it more in the nature of a caress?" The husband replied that it was "[m]ore like a caress." There was also evidence that the patient's husband had given an account of the incident to the Board's investigators which differed from the account he gave at the hearing.

---

[1] ORS 677.200:

"Except as provided in paragraph (a) of subsection (1) of ORS 677.205 and ORS 677.202, any proceeding for suspension or revocation of a license to practice medicine in this state shall be substantially in accord with the following procedure:

"(1) A written complaint of some person, not excluding members or employes of the board, shall be verified and filed with the secretary-treasurer of the board.

"(2) A hearing shall be given to the accused in accordance with ORS 183.310 to 183.500 as a contested case.

"(3) The hearing may be before the board or may be before three or more members or a qualified hearing officer designated by the chairman of the board to take testimony and conduct the hearing. If the hearing is before one or more members of the board or a hearing officer designated by the chairman, a transcript of the testimony taken, together with any exhibits produced shall be furnished to the board. The accused and his attorney may be present at the meeting at which the transcript is considered by the board and may be given an opportunity to argue and sum up the accused's position before the board."

Petitioner denied that he kissed or tried to kiss the man. He admitted that he put his arm around him and patted him on the back or buttocks, but testified that he did so without any sexual interest or intent. He said that the man was upset about a dispute with his wife and that he wanted to console him. Several witnesses testified that petitioner was an especially affectionate person and that he often showed his affection by touching or putting his arm around persons, male and female. There was also evidence that petitioner is a homosexual.

The hearings officer issued the following proposed findings of fact and conclusions of law:

"That Marvin P. Stalder, M.D. is a physician licensed to practice medicine in the State of Oregon.

"That on the 28th day of October 1971, the Board of Medical Examiners entered an order of reinstatement and order of probation proceedings against Marvin P. Stalder, M.D., two of the conditions being recited in said order under paragraph I are as follows:

[probation conditions 3 and 4 quoted as above]

"That on January 23, 1978, the Board of Medical Examiners issued an order to show cause why probation should not be terminated and the license of Marvin P. Stalder, M.D. be revoked based upon evidence in the Board's possession which indicated that the Licentiate made homosexual advances towards the husband of a patient of the Licentiate in the Licentiate's office on or about the 4th day of November, 1947 [sic].

"Evidence was presented to indicate that the Licentiate did make homosexual advances towards * * * the husband of one of the patients of Licentiate, which was in direct violation of the conditions of Licentiate's probation."

The Board adopted the proposed findings of fact and conclusion of law without change and revoked petitioner's license.

*The Order*

■ Petitioner argues that the Board's order is not supported by findings of basic facts, findings of ulti-

mate facts or conclusions of law as required by ORS 183.470, which provides:

> "Every order adverse to a party to a proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record, may be accompanied by an opinion, and a final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

The requirements of ORS 183.470 have been amplified in numerous opinions. The order in question falls far short of the established standards.

First, the order fails to state the basic facts found to be true. It states only that "[e]vidence was presented to indicate that the Licentiate did make homosexual advances towards * * * the husband of one of the patients * * *." We cannot determine from that statement whether or not the referee found as fact that petitioner made "homosexual advances" toward the husband. Even if that could be clearly determined, it would not be sufficient to meet the requirements set forth in *Wright v. Insurance Commissioner,* 252 Or 283, 449 P2d 419 (1969), and *Graham v. OLCC,* 20 Or App 97, 530 P2d 858 (1975), because that single conclusory finding is at most a summary of the evidence and totally lacks any resolution of the specific factual conflicts concerning what the petitioner did and with what intention, or apparent intention, he acted. Without specific determinations on all the basic factual conflicts, meaningful review of the Board's decision is not possible. The state argues that

> "in adopting the hearings officer's findings and conclusions and revoking petitioner's license on the basis of them, the Board, by implication, found as fact that petitioner committed the act."

That argument is as unacceptable here as it was in *Graham v. OLCC, supra.*

■■ Second, the order does not set forth any recognizable ultimate facts or even specify which of the probation conditions was found to have been violated. *See Voelz v. Bd. of Engineering Examiners,* 30 Or App 889, 568 P2d 700, *rev den* (1977).[2]

Third, the order is devoid of any explanation of the reasoning which led from whatever basic facts were found to the conclusion that a probation condition had been violated. *See McCann v. OLCC,* 27 Or App 487, 556 P2d 973, *rev den* (1977); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). If the Board concluded that petitioner violated probation condition 4, the order should have indicated the interpretation given that condition and the criteria employed in applying it to the facts. From the order we do not know, for example, if that condition applied to consensual as well as non-consensual acts. Neither do we know the meaning placed on the term "any act which may be deemed to be an act of sexual deviation." Without an explanation of the principles and reasoning employed in reaching the conclusion, we again conclude that meaningful review under ORS 183.482(8) is not possible.

Because of those inadequacies the order must be reversed and the matter remanded for further proceedings. *Mitchell Bros. Truck Lines v. Hill,* 227 Or 474, 363 P2d 49 (1961); *McCann v. OLCC, supra.* Consideration of the other assignments of error (discussed below) persuades us that the proceedings on remand should begin with a new notification of the charges and a new hearing.

---

[2]The state argues that the Board concluded that petitioner had committed unprofessional or dishonorable conduct, authorizing license revocation under ORS 677.190(1). We find no support for that in the findings and conclusions. Moreover, because that provision was not mentioned in the Order to Show Cause, it would not have been a proper basis for revocation. *Stacey v. Board of Accountancy,* 26 Or App 541, 553 P2d 1074, *rev den* (1976).

## The Notice

■ Petitioner argues that the Order to Show Cause was inadequate because it did not notify him of the statute, rule or other provision upon which the proposed license revocation was based, as required by ORS 183.415.[3] Although it is questionable under the circumstances whether petitioner was prejudiced by that inadequacy,[4] the Order to Show Cause should have contained such a specification. Furthermore, although it was not prejudicial in this instance, it is not clear what bearing the following allegations had on the present proceeding:

> "There have been numerous prior disciplinary actions against you by the Board, of which you are aware, based on evidence in the Board's possession that you have frequently violated the conditions of your probation during the period from October, 1963 until the present time by periodic homosexual advances toward patients and by issuing prescriptions for scheduled drugs to persons known to you to be homosexual."

If the Board had no intention of attempting to prove those allegations in this proceeding, they were not properly part of "[a] short and plain statement of the matters asserted or charged." ORS 183.415(2)(d).

---

[3] ORS 183.415(1), (2):

"(1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail.

"(2) The notice shall include:

"(a) A statement of the party's right to hearing, or a statement of the time and place of the hearing;

"(b) A statement of the authority and jurisdiction under which the hearing is to be held;

"(c) A reference to the particular sections of the statutes and rules involved; and

"(d) A short and plain statement of the matters asserted or charged."

[4] On the day before the hearing, petitioner's counsel was told by the Board's attorney that the proceeding was based on probation condition number 4. He did not request a continuance. *See Campbell v. Bd. of Medical Exam.,* 16 Or App 381, 518 P2d 1042, *rev den* (1974).

*The Hearing*

■ Petitioner next argues that the hearings officer erred in sustaining objections to questions asked the patient's husband, as reflected in the following exchange:

"Q: Where had you been earlier in the morning before you went to the doctor's office?

"A: I was visiting with a friend of mine.

"Q: And who was that?

[Objection sustained on basis of relevancy.]

"* * * * *

"Q: When had you last seen your wife before you went to the doctor's office?

[Objection sustained on the basis of relevancy.]

"Q: Isn't it true that you and your wife had been fighting with each other that day and the night before?"

[Objection sustained on the basis of relevancy.]

The hearings officer properly exercised his discretion in sustaining the objections. The probative value of any of the sought-for evidence is difficult to ascertain. Petitioner argues that the fact that the man had been fighting with his wife sometime before he went to the petitioner's office bore upon his ability accurately to perceive what happened in the office and may have cast doubt on his veracity in some unspecified way. However, the evidence of the dispute between the man and his wife was brought out in the testimony of another witness. Petitioner cannot, therefore, establish in any case prejudice arising from the hearings officer's ruling on the question put to the husband.

■ The hearings officer also prevented petitioner from inquiring into the circumstances under which the complaint required by ORS 677.200(1) was filed. The husband testified that he initially told only a friend and his wife about the incident. His wife subsequently changed doctors. After she did so, an investigator employed by the Board came to ask the husband questions about petitioner. When petitioner's counsel sought to question the husband concerning the contact

with the investigator, the Board's attorney objected on the ground that it was "getting into an area of information that is confidential under the statute, investigative information of the Board of Medical Examiners." The objection was sustained. Counsel for the Board then asserted that the evidence was also irrelevant. The hearings officer, having already sustained the objection, did not rule on the relevancy contention.

ORS 677.425(1), the statute to which the Board's attorney was apparently referring, provides:

> "Any information provided to the Board pursuant to ORS 677.200, 677.205 or 677.410 to 677.425 is confidential and shall not be subject to public disclosure, nor shall it be admissible as evidence in any judicial proceeding."

That provision cannot reasonably be read to apply to administrative proceedings brought by the Board against the person who was the subject of the investigation or to information sought to be elicited from a person unconnected with the Board concerning the manner in which he was contacted by Board investigators prior to filing a complaint.

Moreover, under the circumstances—where the husband's credibility was a crucial issue and there was some indication that he did not volunteer his allegations to the Board—it would have been an abuse of discretion to foreclose on the basis of relevancy all inquiry into the circumstances preceding the filing of husband's complaint.

*The Board's Review*

■ Petitioner argues that the Board erred in "failing to offer him the opportunity to be present" and to make an argument when the Board considered the transcript of the hearing and the proposed findings and conclusions. ORS 677.200(3) provides in pertinent part:

> "If the hearing is before one or more members of the board or a hearing officer designated by the chairman, a transcript of the testimony taken, together with any

exhibits produced, shall be furnished to the board. The accused and his attorney *may be present* at the meeting at which the transcript is considered by the board and *may be given* an opportunity to argue and sum up the accused's position before the board." (Emphasis supplied.)

Giving the word "may" its usual and literal meaning, that section prohibited the Board from excluding petitioner and his attorney from the meeting and allowed the Board, in its discretion, to permit petitioner or his attorney to make a presentation. There is no evidence that the Board attempted in any way to exclude petitioner from the meeting or that petitioner ever attempted to find out when and where the Board would meet to consider his case. He argues that ORS 677.200(3) should be read as placing an affirmative duty on the Board to provide him with notice of the meeting. The legislature did not go that far in the statute, but in the proceedings on remand he should be afforded the opportunity to appear and be heard by the Board. *See Campbell v. Bd. of Medical Exam.,* 21 Or App 368, 535 P2d 96, *rev den* (1975).

## The Conditions of Probation

■ Finally, petitioner contends that condition number 4 of the 1971 probation order (*supra,* p 1) should be held void.[5] As we understand his argument, he is claiming that the condition is beyond the statutory authority granted the Board by ORS 677.205(4)[6] because

"the condition could conceivably apply to an unlimited range of sexual acts between consenting adults,

---

[5]No appeal was taken from the 1971 order. Arguably, therefore, petitioner should be held to have waived any objection. However, to the extent that the question is whether the condition was void, we can properly review the condition. *See State v. Fisher,* 32 Or App 456, 574 P2d 354, *rev den* 283 Or 99 (1978).

[6]ORS 677.205(4) provides in material part:

"[T]he board may determine and may at any time modify the conditions of the probation and may include among them any reasonable condition for the purpose of protection of the public and for the purpose of the rehabilitation of the probationer or both."

from none of which would the public necessarily require protection, and having nothing to do with the practice of medicine."

Without an explanation of the interpretation given the broadly worded condition by the Board, or even a clear statement that it was the condition relied on in revoking petitioner's license, we are not presently in a position to determine if the condition was beyond the authority of the Board.

The order is reversed and the matter remanded for further proceedings consistent with this opinion.

Reversed and remanded.