HAMBLETON, *Petitioner,*
*v.*
BOARD OF ENGINEERING EXAMINERS,
*Respondent.*
(CA 12156)
594 P2d 416

John L. Jacobson, Baker, argued the cause and filed the brief for petitioner.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Lee, and Gillette, Judges.

LEE, J.

## LEE, J.

Petitioner seeks review of an order by the Board of Engineering Examiners (Board) finding his land surveying work incompetent with respect to four charges and grossly negligent with respect to two additional charges. Petitioner contends that (1) the statutory phrase "gross negligence" is so vague and uncertain as to be a constitutionally impermissible basis for suspension of his certificate of registration; (2) the Board's findings are not supported by reliable, probative and substantial evidence; and (3) the sanction imposed does not bear a reasonable relationship to the practices found to be improper by the Board. We affirm.

Petitioner became a "licensed" surveyor in 1964. From 1960 to 1967 he worked for the Forest Service. In 1967 he went into practice on his own as a registered, professional surveyor. Petitioner estimates that he has done approximately 100 surveys of various types. In 1977, the Board preferred nine charges of incompetency and gross negligence in the practice of land surveying against petitioner and he requested a hearing. Three of those charges were subsequently withdrawn or dismissed.

A hearing was held before a referee. The referee gave little weight to the Board's expert witness because he did not make an on-site inspection of the areas surveyed. The referee also regarded several of the charges as too remote in time to be relevant to petitioner's competency at the time of the hearing. The referee therefore recommended that all of the charges be dismissed. The Board rejected the referee's findings and conclusions on the ground that petitioner's testimony and his surveys, dating from 1967 to 1975, established that petitioner had failed to follow the procedures set forth in the Bureau of Land Management (BLM) Manual[1] in all six surveys that were the

---

[1] ORS 209.070(6) imposes a duty on surveyors to make all surveys of legal subdivisions in conformity with the laws and regulations of the General Land Office (now BLM) of the United States.

subject of the charges and that he either did not know or was unwilling to follow them. The Board concluded that petitioner had displayed incompetence with respect to four of the charges and gross negligence on the two remaining charges. The Board, therefore, suspended his registration until he passed a regularly scheduled examination on the principles and practice of land surveying. His registration will be revoked if he has not passed such an examination prior to December 31, 1981.

■■ The first issue is whether the statutory phrase "gross negligence" is so vague and uncertain as to be a constitutionally impermissible basis for suspending his registration. ORS 672.200(2) provides that the Board may refuse to issue or renew, or may suspend or revoke a certificate for gross negligence. "Gross negligence" is conduct of such magnitude or recurrence as to indicate a wilful indifference to prescribed land surveying standards and practices. *See Voelz v. Bd. of Engineering Examiners,* 30 Or App 889, 894-95, 568 P2d 700, *rev den* (1977)(*Voelz I*). We have previously held that the "gross negligence" standard is not impermissibly vague. *Voelz v. Bd. of Engineering Examiners,* 37 Or App 113, 116, 586 P2d 807 (1978) *rev den (1979) (Voelz II)* and we adhere to that opinion.

■■ The second issue is whether the Board's findings are supported by reliable, probative and substantial evidence. This court gives weight to the expertise of the Board in evaluating the quality of its licensees; however, there must be a rational nexus between the Board's findings and its conclusions. *McCann v. OLCC,* 27 Or App 487, 494, 556 P2d 973 (1976), *rev den* (1977), *Voelz II, supra* at 116. The Board found that from 1967 to 1975, petitioner used procedures that were contrary to those described in the BLM Manual in the six surveys which were the basis for the charges. In particular, petitioner used improper procedures to reestablish a lost corner, subdivide, set and reset corners, locate boundaries and set centers. There is abundant evidence to support the Board's findings.

[12]

■ There is also a rational nexus between the Board's findings and its conclusions. The Board concluded that petitioner displayed incompetence and gross negligence. Incompetence in this context means the lack of fitness to perform professional functions. *See Hatfield v. New Mexico State Board of Registration,* 60 NM 242, 290 P2d 1077, 1079-80 (1955). As noted above, gross negligence involves wilful indifference.

In the two charges in which the Board concluded that petitioner was grossly negligent, petitioner had signed a contract stating that he would perform his survey in accordance with the procedures described in the BLM Manual. Presumably, therefore, petitioner was aware of his contractual duty to follow those procedures and peititioner's persistence in following his own system in those two instances was the result of petitioner's *wilful* indifference to the standards and procedures used in his profession. On the other hand, with respect to the four charges in which there was no express agreement to proceed in accordance with the BLM Manual, it is rational to conclude that petitioner's failure to conduct his surveys in accordance with the Manual demonstrates incompetence.

■ Finally petitioner contends that the sanction imposed, suspension of his license until he passes a regularly scheduled examination on the principles and practices of land surveying, does not bear a reasonable relationship to the unprofessional practices found to have occurred. When a licensee violates either a statute or agency rule, then the choice of regulatory remedies is a matter for agency discretion and is not subject to judicial review absent constitutional questions which have not been raised. *Mary's Fine Food, Inc. v. OLCC,* 30 Or App 435, 440, 567 P2d 146 *rev den* (1977).

Affirmed.